UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

STEVEN HIRSCH,

      Plaintiff,

 -v-                                         No.  20 CV 153-LTS-BCM

SELL IT SOCIAL, LLC,

      Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiff Steven Hirsch ("Plaintiff") has moved for default judgment against Defendant Sell It Social, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2), on claims arising pursuant to the Copyright Act of 1976, 17 U.S.C. section 501, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. section 1202.  (Docket Entry No. 4, ("Complaint").)  Defendant has not formally appeared or responded to Plaintiff's claims.  The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, grants Plaintiff's motion for default judgment as to all counts.

## BACKGROUND

The following recitation of facts is drawn from the Complaint, as well as from the uncontroverted documentary evidence filed in support of the instant motion practice.  In light of Defendant's failure to respond to the Complaint, the well- pleaded factual allegations contained therein are deemed admitted.  See Fed. R. Civ. P. 8(b)(6); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to

constitute a concession of all well pleaded allegations of liability"). Plaintiff's factual proffers in support of the instant motion are uncontroverted. (Docket Entry Nos. 24, 25, and 26.)

Plaintiff is a photojournalist who authored and owns the photograph at issue in this action ("the Photo"). (Docket Entry No. 25 ("Hirsch Decl."), at ¶¶ 2, 3, 5.) Plaintiff licensed the Photo for publication by the New York Post, which published an article using the Photo on Mar. 10, 2017. (Id. at ¶ 4.) The New York Post article was the initial publication of the Photo. (Docket Entry No. 24, ("Liebowitz Decl."), at ¶ 16.) The New York Post article published the Photo with Plaintiff's name displayed underneath in what is known as a "gutter credit." (Hirsch Decl., at ¶ 4; Exh. B.) Plaintiff has proffered a registration certificate from the U.S. Copyright Office for the Photo with an effective date of Mar. 23, 2017. (Id., Exh. C.)

Defendant published the Photo on its commercial website, but did not credit Plaintiff as the owner or author of the Photo. (Id. at ¶ 6; Exh. D.) The date of Defendant's publication is not displayed on the screen capture proffered by Plaintiff, nor does Plaintiff allege a date on which it was published. (Id., Exh. D.) Defendant did not license the Photo from Plaintiff or have Plaintiff's permission to publish the Photo. (Id. at ¶ 7.)

Plaintiff served the Summons and Complaint in this action upon Defendant on January 13, 2020, by delivery to the Office of the Secretary of State of New York. (Docket Entry No. 7.) To date, Defendant has not filed a response nor formally appeared. A certificate of default was issued by the Clerk of Court as to Defendant on May 5, 2020. (Docket Entry No. 14.) Plaintiff first moved for default judgment on June 8, 2020. (Docket Entry No. 16.) The Court terminated that motion without prejudice to refiling upon submission of a declaration by someone with personal knowledge of facts sufficient to meet Plaintiff's burden of proof, and upon submission of an explanation of a discrepancy between Defendant's address listed in the

Notice of Motion (Docket Entry No. 16) and the Certificate of Service of the Motion for Default Judgment (Docket Entry No. 21).  (Docket Entry No. 22.)  Plaintiff resubmitted his Motion for Default Judgment on June 22, 2020, (Docket Entry No. 23), which included the declaration of Plaintiff and an explanation that Defendant's last known address was properly represented on the Certificate of Service of the Motion for Default Judgment.  (Liebowitz Decl., at ¶ 29.)

DISCUSSION

In determining whether to grant a motion for default judgment, the Court considers three factors: "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (citation omitted).

All three factors weigh in Plaintiff's favor here.  First, a defendant's failure to appear and respond is generally deemed to satisfy a finding of willfulness.  See Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 31 (E.D.N.Y. 2015) (finding defendant's nonresponse sufficient to demonstrate willfulness).  Here, Plaintiff properly served Defendant with the summons and with notice of his motion for default judgment (Docket Entry Nos. 7, 28), but Defendant did not answer, make an appearance, or request an extension of time in which to respond.  Second, because Defendant has failed to answer the complaint, the Court is unable to determine whether Defendant has a meritorious defense.  See Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013) ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the

plaintiff's allegations"); see also Indymac Bank, F.S.B. v. Natl. Settlement Agency, Inc., No. 07-CIV-6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) ("the Court is unable to determine whether these defendants have a meritorious defense to Plaintiff's allegations because they have presented no such defense to the Court").  Third, Plaintiff will be prejudiced and left with no other recourse if denied judgment by default, as Defendant has willfully failed to respond to the Complaint and the present motion.

The Court must next "decide whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted."  Santana, 198 F. Supp. 3d at 291.  If so, the Court "must go on to 'determine the appropriate amount of damages, which involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages.'"  Id. (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

Count One: Copyright Infringement

To establish a violation of the Copyright Act pursuant to 17 U.S.C. section 501, Plaintiff must demonstrate his ownership of a valid copyright and Defendant's infringement by copying the original elements of the copyrighted work.  See Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010).  "Copying is shorthand for the infringing of any of the copyright owner's five exclusive rights described in [17 U.S.C.] § 106."  Id. (internal quotation omitted.)  As relevant here, a copyright owner has the exclusive right to "reproduce the copyrighted work in copies."  17 U.S.C.S. § 106(1) (LexisNexis 2020).  However, no award of statutory damages or attorney's fees is available for "any infringement of copyright commenced after first

publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C.S. § 412(2) (LexisNexis 2020).

Here, Plaintiff has established ownership of a valid copyright in the Photo and that Defendant reproduced the Photo without Plaintiff's consent by publishing it on Defendant's commercial website. (Hirsch Decl., at ¶ 7; Exhs. C, D.) Accordingly, Plaintiff has established copyright infringement by Defendant. See Arista Records LLC, 604 F.3d at 117. Plaintiff also proffers that the Photo was first published on Mar. 10, 2017, and that the effective date of the copyright registration was Mar. 26, 2017. (Liebowitz Decl., at ¶ 16.) Although Plaintiff has not proffered the date that Defendant published the Photo, Plaintiff has established that statutory damages and attorney's fees are available because, even if Defendant's reproduction was prior to the effective date of the Photo's registration, that date was within three months of the Photo's first publication. See 17 U.S.C. § 412(2).

Counts Two: Copyright Management Information

The DMCA "protects against the removal or alteration of copyright management information ("CMI"), which is defined in part as identifying information about the author of a work 'conveyed in connection with' the work." Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 376 (S.D.N.Y. 2019). The DMCA directs that "no person shall, without the authority of the copyright owner or the law – (1) intentionally remove or alter any copyright management

information." 17 U.S.C.S. § 1202(b) (LexisNexis 2020).[1]  Accordingly, the DMCA prohibits "the removal or alteration of CMI." Mango, 356 F.Supp.3d at 376.

Plaintiff has established that the Photo was first published with a gutter credit positioned below the Photo. (Hirsch Decl., Exh. B.) A gutter credit, under these circumstances, comes within the definition of CMI because it identified Hirsch as the author of the Photo and was "conveyed in connection with" the Photo's publication in the New York Post article. See Mango, 356 F. Supp. 3d at 377 ("gutter credit need not be on the Photograph or present in the Photograph's metadata to constitute protected CMI") (collecting cases). Plaintiff has also established that Defendant intentionally removed the CMI conveyed in connection with the Photo. (Complaint, at ¶ 23.)[2]  Accordingly, Plaintiff has established that Defendant violated 17 U.S.C. section 1202(b)(1).

Count 1: Statutory Damages

An infringer of a copyright is liable for either "(1) the copyright owner's actual damages and any additional profits of the infringer" or "(2) statutory damages" "in a sum of not less than $750 or not more than $30,000 as the court considers just." 17 U.S.C.S. §§ 504(a), (c)(1) (LexisNexis 2020). A copyright plaintiff may elect to receive statutory damages at any time before final judgment. Business Trends Analysts Inc. v. Freedonia Group, Inc., 887 F.2d

---

[1]  Plaintiff has not identified the subsection of 17 U.S.C. section 1202(b) under which his claim arises. (Complaint, at ¶ 21.) Because the Court finds that Defendant violated 17 U.S.C. section 1202(b)(1), the Court does not consider whether the proffered facts also establish a violation of section 1202(b)(2)'s prohibition against "distribut[ing] or import[ing] for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law."

[2]  The allegations in the Complaint are deemed admitted upon a motion for default judgment. Greyhound Exhibitgroup, Inc., 973 F.2d at 158.

399, 403 (2d Cir. 1989); CJ Products, LLC v. Your Store Online LLC, No. 11-CIV-9513 (GBD) (AJP), 2012 WL 2856068, at n. 4 (S.D.N.Y. July 12, 2012) (a copyright plaintiff may "make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available.")  To determine the amount of statutory damages to award for copyright infringement, courts consider the following factors:

> (1) the infringer's state of mind, (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

To determine the appropriate amount of damages, the Court may conduct a hearing, but is not required to do so.  Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (holding that no hearing is required "as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment.")  Because Plaintiff seeks statutory damages, no hearing is necessary.  See Bass v. Diversity Inc. Media, No. 19-CIV-2261 (AJN), 2020 WL 2765093, at *3 n.1 (S.D.N.Y. May 28, 2020) (concluding no hearing is necessary "[p]articularly since plaintiff seeks statutory damages") (quoting Seelie v. Original Media Grp. LLC, No. 19-CIV-5643 (BMC), 2020 WL 136659, at *1 (E.D.N.Y. Jan. 13, 2020)).

Plaintiff seeks a damages award in the amount of $30,000 (Liebowitz Decl., at ¶ 13), and has proffered a basis for an award of statutory damages.  With regard to the first factor, the infringer's state of mind, Defendant's infringement was willful.  See Rovio Entm't, Ltd v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is

deemed willful by virtue of a defendant's default."). However, the remaining factors either militate against a substantial award or are indeterminable upon the record before the Court. Plaintiff has not alleged anything with respect to Defendant's profits from using the Photograph, the second factor. And the Court is unable to assess the third factor – Plaintiff's lost revenue – as Plaintiff has "respectfully decline[d]" to proffer any evidence of his actual losses or licensing fee history. (Liebowitz Decl., at ¶ 19.) Because Plaintiff has proffered that he has licensed the Photo but has not supplied the Court with the amount of his fee, the Court infers that any lost revenue is de minimis. See Bass, 2020 WL 2765093, at *4 (inferring from plaintiff's refusal to provide a licensing fee history that any lost revenue was minimal) (citing Seelie, 2020 WL 136659, at *4).

Plaintiff relies upon the first and fourth factors, asking the Court to impose statutory damages "as a deterrent to willful infringers." (Id.) As another judge in this district has noted, "there is a deterrent value in assessing statutory damages against defendants who . . . are in the publishing industry, because such defendants are 'in a position to repeat the unauthorized reproduction of copyrighted material.'" Bass, 2020 WL 2765093, at *4 (quoting Van Der Zee v. Greenidge, No. 3-CIV-8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006)). Such is the case here. However, Plaintiff has not proffered other facts that might justify the maximum award sought here. See Bass, 2020 WL 2765093, at *4 ("Plaintiff has not here alleged that Defendant is, in fact, a serial copyright infringer, or that it continues to infringe copyrights in spite of repeated notices of infringement"); Seelie, 2020 WL 136659, at *4 ("plaintiff has made no effort to ascertain the nature of this defendant's business or its financial wherewithal to pay a substantial damage award . . . and [there is] no indication whether this is the first time or the 100th time that defendant has violated the copyright laws.") Importantly, courts in this district

have held that a damages award three times the amount of Plaintiff's licensing fee is sufficient to accomplish both specific and general deterrence. See Erikson Prods., Inc. v. Only Websites, Inc., No. 12-CIV-1693 (PGG), 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016) ("damages awards amounting to three times the plaintiff's licensing fee are adequate"); see also Mango, 356 F. Supp. 3d at 374 (noting that courts in this circuit commonly award "statutory damages of between three and five times the cost of the licensing fees"). Because Plaintiff has provided no licensing fee information and the Court infers that Plaintiff's licensing fee was de minimis, a damages award of $30,000 would clearly be much greater than necessary to provide adequate deterrence for Defendant or other potential copyright infringers. See Bass, 2020 WL 2765093, at *4. Similarly, the sixth factor[3] – the conduct and attitude of the parties – also warrants a less substantial award, as Plaintiff's decision to withhold information about the Defendant and his own licensing history has hindered the Court in its assessment of the basis for the requested statutory damages. Accordingly, the record before the Court does not provide a basis for a damages award of $30,000.

Other courts have awarded $5,000 in statutory damages under similar circumstances, a single infringement for unlicensed use of one or two photographs. See, e.g., Bass, 2020 WL 2765093, at *5 ($5,000 statutory damages for infringement of a single photo); Seelie, 2020 WL 136659, at *4 (same); Philpot v. Music Times LLC, No. 16-CIV-1277 (DCL), 2017 WL 1906902 (S.D.N.Y. May 9, 2017) ($5,000 statutory damages for infringement of two photos). The Court finds that $5,000 is adequate to provide deterrence for willful infringement in this case, which is based on a single instance and in which the licensing fee is inferred to be de

---

[3] The fifth factor – Defendant's cooperation in providing evidence of the value of the infringing material – is not applicable upon default judgment.

minimis.  See Seelie, 2020 WL 136659, at *5 (where plaintiff withheld his licensing fee, a $5,000 statutory damages award was "a substantial multiple of his licensing fee no matter where within the $1 to $1,000 range that his licensing fee would fall.")

Count 2: Statutory Damages

Because the Copyright Act and the DMCA "protect different interests," Agence France Presse v. Morel, No. 10-CIV-2730 (AJN), 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014), Plaintiff may collect damages under both statutes.  Under the DMCA, a plaintiff may recover anywhere from $2,500 to $25,000 in statutory damages for a single violation of 17 U.S.C. section 1202.  17 U.S.C. § 1203(c)(3)(B).  The factors that courts consider when awarding statutory damages under that section, in addition to evidence of the actual damages to Plaintiff, include "the difficulty of proving actual damages, the circumstances of the violation, whether Defendants violated the DMCA intentionally or innocently, and deterrence."  Agence France Presse, 2014 WL 3963124, at *10.  Here, the Court has analyzed these factors in the preceding section, and for the same reasons, finds that a statutory damages award of $5,000 for Defendant's violation of the DMCA is adequate to compensate for lost profits and provide deterrence.  See, e.g., Bass, 2020 WL 2765093, at *5 ($5,000 statutory damages for infringement of a single photo) (citing Mantel v. Smash.com Inc., No. 19-CIV-6113 (FPG), 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019)); Mango, 356 F. Supp. 3d at 374 (awarding $5,000 for a single willful infringement) (collecting cases).

Attorney's Fees

Under 17 U.S.C.S. section 505 (LexisNexis 2020), the Court may "award a reasonable attorney's fee to the prevailing party." The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. See generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Requests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show the date the work was done for each attorney, "the hours expended, and the nature of the work done." Id.; see also Scott v. City of N.Y., 643 F.3d 56, 58–59 (2d Cir. 2011).

Plaintiff's counsel, Mr. Liebowitz, requests $1,912.50 in attorney's fees and $440 in costs. (Liebowitz Decl., at ¶ 23.) Plaintiff's counsel seeks an hourly rate of $425. (Id. at ¶ 25.) The Court's review of cases in this district shows that an hourly rate of $425 is reasonable for a partner in a copyright case. See, e.g., Bass, 2020 WL 2765093, at *6 (describing the reasonable range as $300 to $500 per hour for a partner in copyright cases) (collecting cases); Seelie, 2020 WL 136659, at *6 (finding the "$425 rate is consistent with rates allowed in this district"); but see Mantel, 2019 WL 5257571, at *4 (finding an hourly rate of $425 excessive given that, at that time, Liebowitz's "experience is more consistent with that of an associate than a partner").

Plaintiff's counsel submitted a statement of fees and costs which reflects that he spent a total of 4.5 hours litigating this case. (Liebowitz Decl., at ¶ 25.) While this statement reflects an hour for "[p]rocess[ing] service of summons and amended complaint" and "[r]equest[ing] Clerk's Entry of Default," (id), see Mantel, 2019 WL 5257571, at *4 (finding an hour spent on these "simple ministerial tasks. . . appear[ed] excessive"); Ward v. Compound

Entertainment, LLC, No. 18-CIV-7268 (PGG) (BCM), 2020 WL 4496763, at *4 (S.D.N.Y. Aug. 3, 2020) (reducing hours modestly, in part, because "service of process . . . could have been handled by a paralegal or clerk at a lower hourly rate") (quotation omitted), Liebowitz does not request compensation for time spent responding to the Court's order terminating the original motion for default judgment and directing submission of additional evidence and the Court construes the 4.5 hour request as covering all work in connection with this case.  (Docket Entry No. 22.)  Accordingly, the Court finds that 4.5 hours is a reasonable amount of time spent prosecuting this case, and Plaintiff is awarded $1,912.50 in attorney's fees.

Plaintiff's counsel also requests reimbursement of $440 in costs for the filing fee and personal service.  (Liebowitz Decl., at ¶ 25.)  17 U.S.C.S. section 505 (LexisNexis 2020) directs that the Court "may allow the recovery of full costs."  The costs requested are reasonable, and the Court therefore awards Plaintiff $440 in costs.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is granted. Plaintiff is awarded damages as follows: (1) $5,000 statutory damages for violation of the Copyright Act, (2) $5,000 statutory damages for violation of the DMCA, (3) $1,912.50 in attorney's fees, and (4) $440 in costs.  The Clerk of Court is requested to enter judgment accordingly and close this case.  This Memorandum Order resolves Docket Entry 23.

SO ORDERED.

Dated: New York, New York
October 5, 2020

      /s/ Laura Taylor Swain
   LAURA TAYLOR SWAIN
   United States District Judge